The Aetna Casualty & Surety Co. *v.* Strauss et al.

(Decided June 16, 1930.)

*Messrs. Pogue, Hoffheimer & Pogue,* for plaintiff in error.

*Messrs. Nichols, Morrill, Wood, Marx & Ginter* and *Mr. Leo Weinberger,* for Harold F. Angus, receiver.

Ross, J.   This cause is here on error to the court of common pleas of Hamilton county, Ohio, wherein judgment was rendered fixing priorities in a fund resultant from assets of a defaulting contractor, for whom plaintiff in error was surety.

The case was previously before this court, and the court granted a new trial, finding that the court of common pleas had committed error in holding that the casualty company had a lien by reason of an alleged chattel mortgage.   This court further found in its opinion and judgment entry that the casualty company had the right of "subrogation for money paid out by it for or to material men, subcon-

tractors, or laborers, as the proof may show.'' For a further statement of the facts, reference is made to the former opinion of this court in the case of *Angus, Recr.,* v. *Ætna Casualty & Surety Co.,* decided July 18, 1929, *ante,* 411.

Upon the second hearing in the court of common pleas the court followed the judgment of this court and the law as set forth in its opinion, and subrogated the casualty company to whatever rights the materialmen, subcontractors, and laborers had who had been paid by the casualty company.

It is contended by the plaintiff in error that the findings of this court required that the casualty company be paid in full the amounts so paid, regardless of the nature of the priority of the creditor to whom it was subrogated. We think it manifest that the language used by this court can bear no such interpretation.

The casualty company further urges that it is subrogated to the rights of the board of education in the chattel property of the contractor on the work. Even if it were correct in this contention, the ''law of the case,'' as followed by the trial court, would preclude any action by this court antagonistic to the last judgment of the court of common pleas in this case, for the judgment of this court limited subrogation to subcontractors, laborers, and materialmen. However, even if this question were properly before us for consideration, as it was upon the first hearing, to which no error proceedings were taken, it is conclusive in our minds that neither in the contract nor in the statute law is an authoritative lien given the board of education upon the chattel property of the contractor, even upon the breach

of his contract. Our former judgment could well be extended to sums paid the board of education, without affecting the conclusion of the last judgment of the trial court in this case, for it does not appear that the board of education under the facts agreed upon has any lien now superior to that of the receiver for the contractor.

For these reasons, the judgment of the court of common pleas of Hamilton county must be affirmed.

*Judgment affirmed.*

CUSHING, P. J., and HAMILTON, J., concur.